Breitel, J.
(dissenting). I would modify and reinstate the determination of the State Liquor Authority canceling the license of petitioner Starlite Cafe, Inc. While the unlawful, and perhaps sinister, availing of the license to Shangri La Lounge, Inc. involved different premises and a different license, the agency could realistically ascertain that the persons on the Starlite license were of a character and disposition to permit the availing of the Shangri La license. The nominal directors (“ principals ”) for both corporations were the same.
Technical or localized violations are not involved, but the readiness to deceive the regulatory agency in a matter affecting the public interest, namely, the surreptitious use of a license by another. Moreover, the concealment of that other’s role extended throughout the duration of the Shangri La license.. Knowledge of that concealment and the subsequent violations in the concealed financing of the Shangri La premises were, or must have been, known to the principals in the Starlite premises. They therefore connived at the serious violations of law which have been held sufficient to sustain the cancellation of the Shangri La license. That there is no record proof thát the principals of Starlite profited from the availing in the Shangri La premises is immateriál. They lent themselves to being a “ front ” for one to whom the agency had previously denied a - . license for the same premises because of his criminal record.. Their unreliability being thus demonstrated, the agency was entitled to cancel the license of Starlite.
Order affirmed, etc.